**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| LONTI J. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-01373 RWS |
| | ) | |
| CABKA NORTH AMERICA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Lonti Carter's motion for leave to commence this employment discrimination action without payment of the required filing fee. [ECF No. 2]. Having reviewed the application and financial information provided, the Court will grant the motion. *See* 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint, along with a copy of his notice of right to sue and his charge of discrimination.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff Lonti Carter initiated this action on September 11, 2025, by filing an employment discrimination complaint against defendants Cabka North America, Inc. and American Staffing, LLC. His complaint is typewritten rather than submitted on the Court's employment discrimination complaint form, as required under Local Rule 2.06(A). Plaintiff has also failed to sign his

complaint with an original signature.[1] *See* Fed.R.Civ.P.11. Plaintiff has not provided the Court with either a copy of his charge of discrimination or his right to sue letter from the Equal Employment Opportunity Commission (EEOC). Because the Court is requiring plaintiff to amend his pleading, he will be asked to supplement the docket with copies of his right to sue letter and his charge.

Plaintiff brings this lawsuit pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, *et seq*., alleging disability discrimination and retaliation against defendant Cabka. Plaintiff additionally asserts various state law claims, including negligent hiring/retention/supervision, wrongful discharge in violation of public policy, intentional infliction of emotional distress, personal injury and assault and battery.

Plaintiff was contracted to Cabka through American Staffing. He claims that he was being "trained and prepared for permanent hire and promotion" at Cabka, and that Cabka had sponsored him to obtain his forklift license. [ECF No. 1 at 3]. Plaintiff alleges that after completion of his certification as a forklift driver, he had been assured by Cabka that he would be hired as a Cabka employee. *Id.* However, on November 10, 2023, while working at Cabka's Hazelwood, Missouri, facility, plaintiff was working on a two-person task with his co-worker, Brandon Taylor. *Id.* at 2. He asserts that because he had previously noticed Taylor limping, he asked Taylor if he would be okay continuing the task. Taylor allegedly became enraged, produced a loaded firearm, and began to advance toward plaintiff. *Id.* As plaintiff struggled with Taylor, Taylor pulled the trigger and the firearm discharged, narrowly missing plaintiff. Plaintiff disarmed Taylor and threw the weapon away from him to eliminate the threat. *Id.*

---

[1] Plaintiff has used an electronic signature on his complaint, but because plaintiff is not approved for electronic filing in this Court, he is required to place an original signature on his complaint.

Plaintiff asserts that Cabka Supervisor Coleman then picked up Taylor's weapon and returned it to Taylor, despite Cabka's "No Weapons" policy. *Id.* Coleman did not check on plaintiff, and plaintiff believes Coleman attempted to hide the weapon from the facility's cameras. Coleman then purportedly allowed Taylor to leave the facility armed, and he ignored calls from law enforcement requesting recovery of the weapon. *Id.* Coleman had another supervisor contact the police regarding the incident; however, plaintiff claims that Coleman never spoke to law enforcement himself. *Id.*

Plaintiff states that immediately following the incident on November 10, 2023, he was banned from Cabka's property and "prevented from making a full report of the firearm assault." [ECF No. 1 at 3]. He states that he was only allowed to speak to "Supervisor Glen" at Cabka, and blocked from accessing normal reporting channels, which he believes illustrates Cabka's retaliatory and discriminatory intent. *Id.* Plaintiff, however, does not indicate how Cabka's alleged discrimination on November 10, 2023, and retaliatory behavior relate to claims he is purportedly bringing under the ADA.

Although plaintiff was cleared by law enforcement of any wrongdoing, he asserts that "Defendants first claimed that Plaintiff 'swung first' to justify discipline." *Id.* But when that excuse collapsed, "they shifted to a pretextual 'zero tolerance' policy and terminated both Plaintiff and Taylor within two days of the incident." *Id.*

After Cabka terminated plaintiff on or about November 12, 2023, American Staffing refused to place plaintiff at another job site. Plaintiff claims they "blacklist[ed] him from further employment opportunities through its agency." *Id.* Plaintiff alleges that this refusal to reassign him to further employment opportunities despite his prior strong work performance and recent forklift

4

certification was retaliatory and discriminatory. *Id.* He does not indicate, however, how this relates to the Americans with Disabilities Act or an alleged disability.

After plaintiff's termination from Cabka and American Staffing's failure to place him at another jobsite, plaintiff reported "injuries" to the Missouri Workers Compensation Department. Although he does not indicate what "injuries" he reported, he states that "[h]e was instructed that mental health treatment would not be authorized until a formal hearing." *Id*. Ultimately physical therapy was approved by workers compensation, but "they refused to authorize mental health therapy." *Id*. Again, plaintiff neglects to indicate what purported physical injury he was suffering from. Plaintiff reports, however, that he suffered from anxiety, depression, nightmares and trauma from the assault. He sought independent care and was diagnosed with depression and anxiety. *Id*. Plaintiff claims that defendants later admitted that they terminated him on "incomplete and inaccurate information, without conducting any meaningful investigation, exposing their decision as pretextual and reckless." [ECF No. 1 at 4].

Plaintiff seeks compensatory and punitive damages in this action.

### Discussion

The complaint in this matter is defective for several reasons. First, plaintiff has failed to sign his complaint. Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the… party's attention." Similarly, the local rules of this Court require self-represented parties to sign all their filings. E.D. Mo. L.R. 2.01(A)(1).

Second, plaintiff has not alleged facts in support of the claims he wishes to bring before this Court, *i.e.*, disability discrimination and retaliation, as well as all of his his state law claims

for relief. As noted above, plaintiff has failed to articulate an alleged disability or why he believes he was discriminated against or retaliated against based on that disability. Even self-represented plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

To establish discrimination under the ADA, plaintiff must allege he (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of his disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). Although plaintiff states he suffered with various mental health conditions after the events of November 10, 2023, he does not allege that he was terminated from his positions at Cabka or American Staffing because of these alleged disabilities. And he has not identified a physical disability that he suffered from prior to his discharge from employment.

Additionally, in order to establish a recognized disability under the Act, an ADA claimant must show a physical or mental impairment substantially limiting a major life activity, a record of such impairment, and that the claimant is regarded as having such impairment. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490-91 (8th Cir. 2002). There is no indication in plaintiff's complaint, as currently written, that plaintiff was suffering an impairment in a major life activity *prior to the alleged employment decisions* made by defendants in this action. Rather, in his complaint, plaintiff currently alleges that after the decisions were made by Cabka and American Staffing to separate him from his employment, he suffered from mental health problems.

Consequently, to state a claim for retaliation under the ADA, a plaintiff must allege he (1) engaged in statutorily protected activity such as asking for an accommodation, (2) adverse action was taken against him, and (3) a causal connection exists between the adverse action and protected activity. *See Stewart v. Indep. Sch. Dist. No. 196,* 481 F.3d 1034, 1043 (8th Cir. 2007). Thus,

plaintiff must allege, again, that the action taken against him, such as retaliation or discrimination, occurred after the disability was recognized by defendants.

Third, plaintiff has brought various claims for relief in this action, however, he has failed to allege exactly which defendant he is suing for each of the enumerated claims. It is important that plaintiff allege facts explaining how each of the defendants was personally involved in and directly responsible for harming him, *i.e.,* he must articulate which of the defendants harmed him relative to each of the claims for relief. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what it is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). If plaintiff believes the defendants acted jointly against him, he must articulate this in his claims.

Last, plaintiff must include a copy of his charge of discrimination and his notice of right to sue when amending his complaint for the Court to ensure that plaintiff has adequately exhausted his administrative remedies. To initiate a claim in this Court under the ADA, a party must timely file a charge of discrimination with the EEOC and receive a right to sue letter. 42 U.S.C. § 12117(a) (the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to persons alleging employment discrimination based on disability).

In consideration of plaintiff's self-represented status, the Court will give him the opportunity to file an amended complaint to clearly set forth the claims he wishes to bring before this Court and the factual allegations in support of those claims. Plaintiff is advised that the claims he brings before this Court must be like or reasonably related to the claims outlined in his administrative charge or they will be subject to dismissal for failure to exhaust administrative

remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

The amended complaint will replace the original complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a Court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Because an amended complaint entirely replaces the original complaint, he must also attach copies of his administrative charge and his EEOC right to sue letter.

If plaintiff wishes to assert claims under the ADA as indicated by his original complaint, he must clearly state his disability, and then carefully describe the adverse employment action he believes was taken, by whom, *and* why it amounted to disability discrimination and/or retaliation.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one days to file an amended complaint along with copies of his charge of discrimination and notice of right to sue. Upon receipt of these documents, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than twenty-one (21) days** from the date of this Memorandum and Order. Plaintiff must attach a copy of his EEOC right to sue letter and charge of discrimination with his amended complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 15th day of September, 2025.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE